UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN PELLICCIA, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:13-cv-33 |
| | ) |
| JACKSON COUNTY SCHNECK | ) |
| MEMORIAL HOSPITAL d/b/a | ) |
| SCHNECK MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, John Pelliccia, M.D. ("Pelliccia"), brings this action against Defendant, Jackson County Schneck Memorial Hospital d/b/a Schneck Medical Center ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), as amended.

**PARTIES**

2. Pelliccia has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Pelliccia was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Pelliccia is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Pelliccia satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a "Dismissal and Notice of Rights" to Pelliccia. He now timely files his lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Defendant hired Pelliccia in or about November 2002.

11. Pelliccia held the position of Anesthesiologist when he was fired on or about July 9, 2011.

12. Pelliccia's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

13. Defendant issued a written warning to Pelliccia in or about September 2010.

14. At no time after receipt of the written warning and before notice of termination did Defendant counsel or issue discipline to Pelliccia for any performance, attendance, or behavior issues.

15. In or about mid-June 2011, Pelliccia told Stacy Allman ("Allman"), Director of Surgical Services, that he had undergone medical testing in or about May 2011 and had just been diagnosed with Asperger's Syndrome.

16. Pelliccia further informed Allman he was undergoing therapy and treatment to address his disability and the conditions arising therefrom.

17. Pelliccia inquired about the possibility of a reasonable accommodation.

18. On or about July 5, 2011, Vicki Johnson ("Johnson"), Vice President of Nursing Services, advised Pelliccia she wanted to meet with him about a "personnel-related matter" on July

11, 2011.

19. Pelliccia subsequently requested, as a reasonable accommodation, that the meeting be delayed until after he had time to meet with his psychologist about his disability on July 12, 2011.

20. Defendant refused Pelliccia's requests for reasonable accommodations and did not engage in the interactive process with him to determine whether an accommodation existed.

21. On or about July 9, 2011, Johnson notified Pelliccia that Defendant was terminating him "without cause."

22. Defendant placed Pelliccia on a 90-day paid leave of absence with the understanding he was being terminated thereafter.

23. Defendant's asserted reason for terminating Pelliccia without cause was: "This decision was reached because of your general lack of support and cooperation with Schneck and its staff, and it was made the week of June 20, 2011."

24. Pelliccia's employment and staff medical privileges were governed, in part, by the *Bylaws of the Medical Staff*.

25. Defendant did not comply with Sections 11, 12, and 13 of the *Bylaws of the Medical Staff* when terminating Pelliccia and his staff medical privileges.

26. Sections 11, 12, and 13 describe Defendant's corrective action process for medical staff members, automatic suspension of said members, and summary suspension of said members, respectively.

27. Defendant did not follow the procedures outlined in Sections 11, 12, and 13 when taking corrective actions against Pelliccia.

28. No interview of Pelliccia was conducted by the Medical Executive Committee or an

assigned investigator before Defendant terminated him.

29. Defendant's CEO or the President of the Medical Staff did not inform Pelliccia, in writing, of the general nature of the charges against him.

30. Pelliccia was not given the opportunity to make a statement as part of any interview before he was terminated.

31. Defendant terminated Pelliccia without following the Bylaws' corrective action procedures.

32. On information and belief, Defendant has accorded more favorable treatment to similarly-situated employees.

33. All reasons proffered by Defendant for adverse actions taken by it regarding Pelliccia's employment are pretextual.

34. Pelliccia has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

### DISABILITY DISCRIMINATION – ADA

35. Pelliccia hereby incorporates paragraphs 1-34 of his Complaint.

36. Pelliccia requested that Defendant provide reasonable accommodations to him.

37. Defendant failed to provide a reasonable accommodation to Pelliccia.

38. Defendant terminated Pelliccia based on his disability, record of a disability, and/or its perception of him being disabled.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Pelliccia's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

40. Pelliccia hereby incorporates paragraphs 1-39 of his Complaint.

41. Pelliccia engaged in statutorily-protected activities when he requested reasonable accommodations.

42. Defendant fired Pelliccia in retaliation for his engagement in statutorily-protected activities.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Pelliccia's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, John Pelliccia, M.D., by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Pelliccia to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Pelliccia;

3. Defendant pay compensatory and punitive damages to Pelliccia;

4. Defendant pay pre- and post-judgment interest to Pelliccia;

5. Defendant pay Pelliccia's attorneys' fees and costs incurred in litigating this action; and

6.  Defendant pay to Pelliccia any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Bradley L. Wilson*
Bradley L. Wilson (21154-49)

Attorneys for Plaintiff
John Pelliccia, M.D.

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:  (317)955-9500
Facsimile:  (317)955-2570
Email:  jhaskin@hlllaw.com
bwilson@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, John Pelliccia, M.D., by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:  (317)955-9500
Facsimile:  (317)955-2570